UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20840-CR-MGC

UNITED STATES OF AMERICA

vs.

MARTIN LUSTGARTEN
     and
SALOMON BENDAYAN,

   Defendants.
_____/

## UNITED STATES OF AMERICA'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  On or before July 9, 2015, the government produced the following written statements by the defendant Martin Lustgarten:

- Lustgarten Affidavit dated June 18, 2007;
- E-mail for mla@henlux.com for the period January 2013 to July 2014;
- WhatsApp chat between Martin Lustgarten and DEA Special Agent Brian DeJoy for the period February 6, 2014 to November 3, 2014;
- DEA Confidential Source agreements executed by Lustgarten;
- Loan agreement materials provided by Lustgarten to Special Agent Brian DeJoy contained in Federal Express packaging;
- Handwritten note provided by Martin Lustgarten to HSI Special Agent Philip Lavoie in Bogota on September 30, 2014; and
- Letters purported to have been prepared by HSBC dated July 23, 2010, that Martin Lustgarten reported to agents were drafted by him.

On December 2, 2015, the government produced additional written statements of defendant Martin Lustgarten sent by email to Kenneth Rijock.

On or before August 24, 2015, the government produced the following written

        statements by the defendant Salomon Bendayan: email for Salomon@Bendayan.com intercepted by way of a Title III wiretap, as described below, and obtained by way of a search warrant.

2. On or before July 9, 2015, the government produced the following oral statements of the defendant Martin Lustgarten: audio- and video-recordings relating to a meeting attended by Martin Lustgarten, Remberto Uzcategui, and an undercover agent in Miami on April 29, 2010. As reflected in the relevant DEA Forms 6, these recordings are identified as DEA Exhibits N-217A and N-217B. The government also has produced numerous DEA form 6 reports documenting the substance of oral statements made by defendant Martin Lustgarten during debriefings with DEA Special Agent Brian DeJoy, HSI Special Agent PJ Lavoie, and others, and handwritten notes of DEA Special Agent DeJoy, HSI Special Agent Lavoie, and DEA Task Force Officer Scott Brown relating to meetings with defendant Lustgarten.

    On November 16, 2015, the government produced the following oral statements of the defendant Salomon Bendayan: a thirty-three minute post-arrest interview that took place on April 8, 2015. The government also has produced DEA form 6 reports documenting the substance of oral statements made by defendant Salomon Bendayan during debriefings with government agents.

3. No defendant testified before the Grand Jury.

4. Neither defendant has a prior criminal history.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on December 3, 2015, at 1:00 p.m. at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida.

    The government has previously produced to you bank and financial records, as well as documents provided by defendant Martin Lustgarten to government agents. The government has not necessarily produced copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States has requested and continues to request the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. To date, the government has not received any reciprocal discovery from defendants Martin Lustgarten or Salomon

    Bendayan.

C.     The government has previously disclosed and will continue to disclose any additional information or material it obtains that may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government has previously disclosed and will continue to disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any prior or future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     Wire and electronic communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the Indictment were intercepted pursuant to court-authorized electronic surveillance. The United States District Court for the District of Massachusetts entered orders authorizing the interception of wire and electronic communications occurring over the following telephone numbers and e-mail account.

| Order No. | Target Telephone(s) | User(s) | Date Authorized |
|---|---|---|---|
| 1 | TT #1: (917) 714-8868<br>TT #2: (917) 714-8866 | Salomon Bendayan | 2/28/14 |
| 2 | TT #1: (917) 714-8868<br>TT #2: (917) 714-8866 | Salomon Bendayan | 4/4/14 |
| 3 | TT #1: (917) 714-8868 | Salmon Bendayan | 5/9/14 |

|   | | | |
|---|---|---|---|
|   | TT #2:  (917) 714-8866 | | |
| 4 | TT #1:  (917) 714-8868<br>TT #2:  (917) 714-8866 | Salomon Bendayan | 6/9/14 |
| 5 | TT #1:  (917) 714-8868<br>Target E-Mail: salomon@bendayan.com | Salomon Bendayan | 7/14/14 |
| 6 | TT #2:  (917) 714-8866 | Salomon Bendayan | 8/25/14 |

The government intends to offer communications of the defendants Martin Lustgarten and Salomon Bendayan intercepted pursuant to these orders as evidence in its case-in-chief.  Audio recordings of intercepted calls and line sheets summarizing calls previously have been produced.  In addition, copies of the applications for authorization to intercept communications relating to the charges contained in the Superseding Indictment, the supporting affidavits, the court orders authorizing the interceptions, and the court orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a) have been produced.

The defendant Salomon Bendayan also was intercepted over wiretaps authorized in Colombia.  The government previously has produced to you materials obtained from the Colombian authorities pursuant to requests through Mutual Legal Assistance Treaties (MLATs), including intercepted calls and emails, as well as call summaries, among other materials.

J. The government has previously produced to you the Grand Jury testimony of certain witnesses who will testify for the government at the trial of this cause.  The government will produce the Grand Jury testimony of other witnesses who will testify for the government at the trial of this cause in the coming days.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints that have been identified by a government expert as those of the defendant.

N. The defendant has requested disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.  At this time, the government does not intend to offer expert testimony at trial.

The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules

    of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

    The government hereby requests that the defense stipulate to the following facts:

    1. Certain bank records previously produced to you and to be identified at the discovery conference on December 3, 2015, including but not limited to bank records for account number *3054 held by Clifton Capital at Bank of America, are true copies of business records maintained in the course of a regularly conducted business activity and created at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction.

    2. The equipment used to conduct the court-authorized interceptions of telephone conversations, electronic messages, and emails in this matter was in proper working order, the original recordings made in this investigation are fair and accurate recordings of the conversations intercepted, and the recordings, messages, and emails introduced as evidence are identical duplicates of the original intercepted conversations, messages, and emails.

    3. The emails produced in response to search warrants for the email accounts mla@helux.com and salomon@bendayan.com are true copies of emails sent to and from those accounts.

    4. The Apple MacBook and cellular telephones introduced into evidence at trial are the same computer and cellular telephones seized from the defendants at the time of their arrest.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    In total, the government has made over thirty-five productions of discovery, which is Bates numbered USAO001-USAO007357, FIN001-FIN0082026, SB001-SB00331288, MLA001-MLA0013878, HSI001-HSI0072, DEA001-DEA00137, and 001-10927.  The government is aware of its continuing duty to disclose such newly discovered additional

information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order section B and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is as set forth in the Superseding Indictment.

        Respectfully submitted,
        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By: */s/ Katherine Ferguson*
    KATHERINE FERGUSON, A5502146
    LINDA M. RICCI, A5502144
    Special Assistant United States Attorneys
    One Courthouse Way, Ste. 9200
    Boston, MA 02210
    Tel: (617) 748-3100

    M. KENDALL DAY
    CHIEF, ASSET FORFEITURE MONEY
    LAUNDERING SECTION

By: */s/ Joseph Palazzo*
    JOSEPH PALAZZO, 5502141
    Trial Attorney
    U.S. Department of Justice, Criminal Division
    1400 New York Avenue NW, Suite 10100
    Washington, DC 20530
    joseph.palazzo@usdoj.gov
    (202) 445-7910

## **CERTIFICATE OF SERVICE**

      I, Katherine Ferguson, do hereby certify that this document, filed through ECF system, will be sent electronically o the registered participants as identified on the Notice of Electronic Filing (NEF).

                                  */s/ Katherine Ferguson*
                                  KATHERINE FERGUSON
                                  Special Assistant United States Attorney